### STANZE et v MEIER

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 1721. Decided June 1, 1942.

John Harshman, Dayton, for plaintiffs-appellees and appellants.

Clarence J. Stoecklein, Dayton, for defendant-appellant and appellee.

## OPINION

BY THE COURT:

This is an appeal by defendant-appellant on questions of law from a permanent restraining order issued against him. Upon issues drawn by the petition of plaintiffs, answer of the defendant and reply of the plaintiffs, and upon submission to the court upon the pleadings, agreed statement of facts, evidence and arguments of counsel, jury waived, the court made findings, the material part of which was carried into the judgment entry. Defendant and plaintiffs filed motions for new trial, both of which were overruled and exceptions noted, and thereafter the court entered the following decree,

"It is therefore ordered, adjudged and decreed by the court that the * * *, said temporary restraining order heretofore issued against defendant, his agents or servants restraining said defendant, his agents or servants from digging in any manner, destroying, altering, changing, obstructing or interfering with said drain in, or upon defendant's premises or elsewhere, and restraining defendant from doing anything directly or indirectly to stop, hinder, interfere with or impede the flow of water through said drain in or upon defendant's premises or elsewhere, is hereby made permanent."

This is the part of the decree to which the appeal of defendant is specially directed. The decree continues,

"It is further the order of this Court that in order to prevent a multiplicity of suits the court will rule plaintiffs to show cause within sixty days after the filing of the entry journalizing this decision, why this court will not enter an order permanently enjoining and restraining plaintiffs from using their basement drains for domestic purposes. If in the meantime plaintiffs show cause through the working out of a compromise plan agreeable to plaintiffs and defendant whereby plaintiffs may be permitted to dispose of their wash water through a common drain under some other portion of defendant's premises outside of the area covered by defendant's basement, or other means, the court will then confine the operation of its order to the defendant alone."

The authority of the court to make this latter order is questioned in the brief of plaintiffs.

The briefs of the parties are extensive and present and discuss every legal question raised by the the pleadings and the evidence. All of these matters were presented to the trial court upon the original hearing or upon the motions for new trial. We have been favored with the written opinion of the trial judge, which is not only comprehensive and complete but may well be designated as a thesis upon the whole subject matter involved. In it he discusses all the legal questions touching the respective rights and obligations of the plaintiffs and defendant as to the natural flowage of waters and ordinary drainage upon their premises under the sewage ordinances of the city of Dayton, the law upon drainage easements by implication, as well as the acquiring of such easements by prescription or adverse possession, and discusses practically every case cited in this court. He analyzes at great length the testimony of the witnesses and the effect thereof. We are satisfied to adopt his conclusion as to the law of this case and its application to the facts as he determines them. Further discussion of the law would be but a work of supererogation on our part. We must grant to the trial judge, as the trier of the facts, the full right to draw any reasonable inference therefrom.

We have examined the errors assigned by defendant-appellant and find no one of them of sufficient consequence to require reversal or modification of the judgment, insofar as it affects him.

Although the plaintiffs urge with much force the claim that that part of the judgment entry to which they have objected should be reversed, it is our opinion that if it is a final order, they may not invoke the order of this court reversing or modifying it for the reason that they gave no notice of appeal. There is thus presented to this court the appeal of the defendant only, with no cross appeal. The judgment will be affirmed.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.

## APPLICATION FOR REHEARING

No. 1721. Decided June 25, 1942.

BY THE COURT:

Submitted on an application for rehearing filed on behalf of plaintiffs as cross-appellants. The application recites that the Court erroneously states in its opinion that the plaintiffs below did not file notice of appeal, whereas in truth and in fact such notice of appeal was filed on January 22, 1942, and was and is entered on

the docket and is in possession of the clerk and that a copy of the notice of appeal was receipted for by opposing counsel January 24, 1942.

All factual matters stated in this application are true, but it is eloquent for what it does not say, namely, that this Court was not put upon notice in the proper procedural manner that any cross-appeal had been filed. As a matter of fact, no notice of such cross-appeal was noted in the docket of pleadings and journal entries. Further, it appears that at the time the application for rehearing was filed, namely, June 9, 1942, no transcript of the docket and journal entries had been filed in this Court disclosing the filing of the notice of the cross-appeal. However, this Court upon its own motion had the records of the clerk's office checked and found that the plaintiffs had filed their notice of cross-appeal, but, through inadvertence, it was not carried into the docket of the pleadings and journal entries.

We now consider the errors assigned on the cross-appeal.

(1) The Court erred in requiring plaintiffs to show cause within 60 days why the Court will not enter an order permanently enjoining and restraining plaintiffs from using their basement drains for domestic purposes.

(2). In requiring plaintiffs to work out a compromise plan agreeable to plaintiffs and defendant whereby plaintiffs may be permitted to dispose of their wash water through a common drain under some other portion of defendant's premises outside the area covered by defendant's house.

(3) Finding and judgment of the Court as more specifically set forth in Paragraphs 1 and 2, supra, are contrary to the weight of the evidence and contrary to law.

(4) The Court erred in over-ruling of plaintiffs' motion for new trial.

(5) For other errors apparent on the face of the record.

That portion of the judgment entry to which the cross-appeal is directed provides,

"It is further the order of this Court that in order to prevent a multiplicity of suits the Court will rule plaintiffs to show cause within sixty days after the filing of the entry journalizing this decision (namely December 15, 1941) why this Court will not enter an order, permanently enjoining and restraining plaintiffs from using their basement drains for domestic purposes. If, in the meantime, plaintiffs show cause, through the working out of a compromise plan agreeable to plaintiffs and defendant, whereby plaintiffs may be permitted to dispose of the wash water through a common drain under some other portion of defendant's premises outside of the area covered by defendant's basement, or other means, the Court will then confine the operation of its order to the defendant alone, to all of which plaintiffs by their counsel except."

As we interpret this judgment, it was the purpose of the trial Court to restrict the injunctive relief to be granted against defendant to the carrying through the drain in his basement of the natural flowage of water which the Court had held, by reason of location of his premises, it was his burden to carry. The Court was of opinion that superficial waters arising in the basements of the respective parties plaintiffs com-

ing from the disposal of water used for laundering purposes, wash basins, or shower baths, was no part of the obligation of the owner of the servient estate, the defendant, to assume.

There is no doubt that the trial judge could have required the judgment entry to be so framed as that the injunctive relief granted against the defendant and to the plaintiffs would be conditioned upon their observance of those obligations which he enjoined upon them in his citation.

However, an examination of the answer of the defendant discloses that no affirmative relief was prayed for by the defendant and no cross-petition was filed in his behalf. So that, in form the judgment entry, insofar as it undertakes to set up a judgment against the plaintiffs on the Court's own motion, was irregular and, in our opinion, not permissible. As we have heretofore indicated, this was merely an error in form as the substance of the journal entry could have been fully effectuated by making the restraining order in favor of the plaintiffs conditional upon their observance of those things set out in the judgment entry. To the extent herein indicated the form of the judgment entry should be modified.

We make this determination assuming that that part of the journal entry to which the cross-appeal is directed is a final order. In this assumption, we have serious doubts. If it is a final order as to which the appeal may be directed, it must be so determined upon the proposition that the Court could not in form enter any order or judgment against the plaintiffs in view of the state of the pleadings.

The substance of that which the Court did was to extend the time sixty days from the date of the journal entry within which the plaintiffs and defendant could work out some plan to meet the situation, which was no doubt obnoxious and detrimental to all of them.' Insofar as the record in this Court discloses, the plaintiffs may have conformed to the order and if they did not, they were given opportunity to show cause why they had not observed the order and it may be that even though they could not fully conform, the Court would not have found them in contempt had they made a reasonable effort to observe the order. It may be that an unconditional order, such as may properly be entered, will be more onerous than the order from which plaintiffs appeal.

That assignment of error which challenges the judgment because it is against the weight of the evidence is not supported for the reasons which we have heretofore indicated in our original opinion. The trial judge, as trier of the facts, must be supported in any reasonable inference that he draws from the evidence. If this be done, this reviewing court can not say that he erred in holding that the defendant was not put on notice from the drains in his basement that one of them was carrying the water from the basements of the Stanze's and other adjoining owners. The Court likewise was correct in his analysis of the particulars wherein the proof failed to establish a prescriptive right in the plaintiffs. Likewise the sanitary condition which the defendant testified existed in his basement was the subject of dispute and the trial court had the right to resolve the evidence in favor of the defendant insofar as was ne-

cessary to support his judgment. Even though we might draw a different conclusion upon any of these factual matters, this would not support a reversal unless the trial judge, in making factual determination, manifestly misconstrued, misinterpreted or drew unwarranted inferences from the facts adduced. This record will not support such action on the part of this court.

We, as was the trial judge, are impressed with the fact that the parties to this law suit are confronted with an unpleasant and difficult situation respecting the drainage in their basements and to remedy this condition by making connection with a city sewer would at any time be a considerable undertaking and at this time would not only be difficult of accomplishment, but might also be very expensive. This situation no doubt impelled the trial judge to make some order that would cause all parties to make determined effort to correct the condition by some concerted plan. He felt that this was feasible and we are not prepared to say in this conclusion his judgment was erroneous. It may be that some common drain could be established which would answer the purposes of all parties and would not be prohibitive in cost.

Subject to the modification in the judgment entry in accordance with this opinion, the judgment will be affirmed.

GEIGER, PJ., BARNES & HORNBECK, JJ. concur.